IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATHAN MULLENS,[1] | § | |
| | § | No. 370, 2017 |
| Respondent Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Family Court |
| | § | of the State of Delaware |
| TIFFANY KILBORNE, | § | |
| | § | File No. CK08-01263 |
| Petitioner Below- | § | Petition No. 15-05215 |
| Appellee. | § | |

Submitted: March 23, 2018
Decided: May 21, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 17th day of May 2018, upon consideration of the opening brief[2] and the record on appeal, it appears to the Court that:

(1) The appellant, Jonathan Mullens ("Father"), filed this appeal from the Family Court's judgment dated August 16, 2017, which vacated, *sua sponte*, its February 20, 2017 judgment awarding primary residential custody of the parties' minor daughter to Father. Having reviewed Father's arguments on appeal and the record below, we conclude that the Family

---

[1] The Court assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] The appellee, Tiffany Kilborne ("Mother"), did not file an answering brief on appeal. The Clerk of the Court, therefore, informed the parties that the matter would be considered solely on the basis of Father's opening brief and the record below.

Court erred as a matter of fact and law in vacating its prior judgment. Accordingly, we reverse.

(2) The parties are the parents of one daughter, who was born on January 23, 2007. On December 16, 2008, the parties entered a consent agreement providing for joint custody with Father having primary residential placement. Mother's visitation was to occur upon agreement of the parties. On February 24, 2015, Mother filed a petition for modification of custody. The Family Court appointed counsel to represent Mother. Father appeared *pro se*. After a hearing, the Family Court considered the best interest factors of 13 *Del. C.* § 722, including Father's prior criminal history,[3] and determined that it was in the child's best interests for Father to retain primary residential placement. But, the Court granted Mother visitation every other weekend and at holidays, as well as extended visitation in the summer.

(3) On June 20, 2017, the Family Court issued an order informing the parties that it had reconsidered, *sua sponte*, its award of primary residential placement with Father. The Family Court stated that it had allowed Father, a registered sex offender, to have custody without any

---

[3] The Family Court acknowledged that Father is a registered Tier II sex offender as a result of a 1993 guilty plea (when Father was a teenager) and that Father had a later weapons charge.

evidence that Father had rebutted the presumption against custody and placement under 13 *Del. C.* § 724A.[4]

(4) After a hearing on August 16, 2017, the Family Court issued an order vacating its February 20, 2017 custody order awarding Father primary residential placement. The Family Court noted that Father had pled guilty to unlawful sexual contact in 1993 and, as a result, was a registered Tier II sex offender. The Family Court also noted that Father pled guilty in 1999 to a charge of carrying a concealed deadly weapon. The Family Court held that as a result of his 1999 conviction of a violent felony, Father could not rebut the presumption against custody set forth in 13 *Del. C.* § 724A.[5] Thus, the Family Court refused to consider the expert evaluation that Father submitted as evidence to rebut the presumption against him having custody of the

---

[4] Subchapter II of Chapter 7A of Title 13 of the Delaware Code, entitled *Child Protection From Sex Offenders Act*, became effective on July 31, 2007, more than a decade after Father was placed on the sex offender registry. 13 *Del. C.* § 724A(a) provides that "there shall be a rebuttable presumption that no sex offender shall be awarded sole or joint custody of any child, that no child shall primarily reside with a sex offender, and that no sex offender shall have unsupervised visitation with a child." This Court has noted that the rebuttable presumption of Section 724A is a "true rule of evidence and its only effect is to shift the burden of producing evidence." *Division of Family Services v. O'Bryan*, 164 A.3d 58, 63 (Del. 2017).

[5] 13 *Del. C.* § 724A(b) provides that the presumption against custody may be overcome if: (1) there is no criminal sentencing order prohibiting it; and (2) there have been no further "sexual offenses or criminal acts of violence;" and (3) the sex offender is in compliance with any applicable terms of probation; and (4) the sex offender has successfully completed a sex offender's program; and (5) the sex offender has completed substance abuse counseling if court-ordered to do so; and (6) the best interests of the child would be served by giving residential or custodial responsibilities to, or visitation with, the sex offender.

parties' daughter.[6] The Family Court vacated its prior order, awarded Mother sole custody of the child, and ordered that Father could only have supervised visitation. Father appeals that ruling.

(5) In his opening brief on appeal, Father contends, among other things, that the Family Court erred in holding that he had been convicted of a violent felony in 1999. Father contends that he pled guilty in 1999 to carrying a concealed deadly weapon under 11 *Del. C.* § 1442, which was designated a class G felony because the weapon in question was *not* a firearm.[7] Father asserts that, under 11 *Del. C.* § 4201(c), a conviction for carrying a concealed deadly weapon is only designated as a violent felony if the deadly weapon was a firearm.

(6) Father is correct. Only firearm offenses under 11 *Del. C.* § 1442 are designated as violent felonies by 11 *Del. C.* § 4201. Father's criminal history reflects that he was convicted of a class G felony and not the more serious class D felony under Section 1442. Thus, the Family Court erred in finding that Father had been convicted of a violent felony in 1999 and that, therefore, the Family Court was not required to consider Father's

[6] As interpreted by the Family Court, the rebuttable presumption under Section 724A(a) becomes irrebuttable under Section 724A(b)(2) if, after being placed on the sex offender registry, the offender is convicted of any felony designated as a "violent felony" under 11 *Del. C.* § 4201(c). While we question the Family Court's interpretation of Section 724A(b)(2), we need not resolve that issue for the purposes of this appeal.

[7] Under 11 *Del. C.* § 1442, a conviction for carrying a concealed deadly weapon is elevated to a class D felony if the deadly weapon is a firearm.

expert evaluation in determining if he had overcome the presumption of Section 724A. Accordingly, we conclude that this matter must be remanded to the Family Court for further consideration, on a priority basis, of Father's expert evaluation.

NOW, THEREFORE, IT IS ORDERED that the decision of the Family Court is REVERSED. The matter is REMANDED to the Family Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

5